UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CRAIG WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22-cv-00541-MJD-JMS |
| | ) |
| CHIEF SHAWN KEEN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO AMEND OR ALTER JUDGMENT**

This matter is before the Court on Plaintiff's Motion to Amend or Alter Judgment, [Dkt. 75]. The Court entered summary judgment in favor of Defendants in this case on May 21, 2024. [Dkt. 73.] Plaintiff now asks the Court to reconsider that judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the motion is **DENIED**.

"'Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 893 (7th Cir. 2024) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)).

The Court granted summary judgment for Defendants based on the fact that Plaintiff's Complaint was filed one day after the expiration of the statute of limitations. Plaintiff's motion relates to the portion of the Court's Order addressing Plaintiff's argument that Defendants should be equitably estopped from enforcing the statute of limitations because "the Probable Cause Affidavit [Dkt. 70-3 at 1] and Criminal Information [Dkt. 70-4 at 1] . . . stated Plaintiff's underlying criminal acts occurred on October 27, 2020." [Dkt. 76 at 2.] They did not; they stated that those acts occurred **on or about** October 27, 2020. And, in fact, the next sentence of

the Probable Cause Affidavit states that the officers were dispatched to the scene on October 26, 2020, and that document as a whole makes it clear that the underlying criminal acts (domestic battery in the presence of children and domestic battery) had already taken place when the officers arrived.  [Dkt. 70-3 at 1.]

Plaintiff nonetheless argued in response to the motion for summary judgment, and again argues in the instant motion, that he reasonably relied on those documents in determining that the acts of excessive force he alleges in this case occurred on October 26, 2020.  The Court found that

> [e]ven assuming that Waterman could reasonably have relied on the cited documents in determining that the acts of excessive force occurred on October 27, 2020, and that such reliance could support the application of equitable estoppel, Waterman's argument still fails, because there is no evidence that Waterman actually relied on any of these documents in any way.

[Dkt. 73 at 14.]  Plaintiff disagrees with this conclusion, arguing

> Plaintiff submitted an excerpt from his deposition which indicated Plaintiff had seen both those documents before in connection with his criminal case, and that they influenced his belief of when the incident occurred. [Dkt. 52-3 at 23].
>
> Plaintiff believed then and still believes that when this evidence is view in the light most favorable to the Plaintiff (non-moving party) and all reasonable inferences are drawn in the same light, this evidence shows Plaintiff both actually read and relied on the Probable Cause Affidavit and Criminal Information, as well as the other documents cited, in determining when this incident happened.

[Dkt. 76 at 2-3.]  The Court examined the cited testimony and found that it would not support a finding that Plaintiff actually relied on the documents; the Court remains convinced that that conclusion is correct.  Therefore, Plaintiff's motion to alter or amend the judgment on that basis is **DENIED**.

Plaintiff also attaches a declaration[1] in which he states, unequivocally, that he read the Probable Cause Affidavit and Criminal Information and that he "relied on those statements in coming to the belief that the dog bite and my injuries therefrom also occurred on October 27, 2020." [Dkt. 75-1.] However, this declaration could have been prepared and submitted with Plaintiff's summary judgment response, and "[a] Rule 59(e) motion . . . . certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted). Therefore, the Court will not consider the declaration in conjunction with this motion. The Court notes, however, that the declaration would not have changed the outcome of the summary judgment motion. Plaintiff did not only have to provide evidence that he relied on the documents; that reliance had to be reasonable. Given the use of "on or about" in both documents and the fact that the Probable Cause Affidavit itself also makes it clear that the underlying criminal acts in fact occurred on October 26, 2020, any such reliance would not have been reasonable.

Finally, while it was not necessary for the Court to address this in its initial ruling, the Court notes that "[f]or equitable estoppel to apply, the [Defendants] must have engaged in 'affirmative misconduct.'" *P.W. by Woodson v. United States*, 990 F.3d 515, 523 (7th Cir. 2021) (quoting *United States v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1151 (7th Cir.

---

[1] The document in question is entitled "Affidavit of Craig Waterman," but it was not made under oath, and therefore is a declaration. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) ("An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath.") (citations omitted). A declaration made under penalties of perjury, as this document was, serves the same purpose as an affidavit for summary judgment purposes. *See* Federal Rule of Civil Procedure 56(c)(4); 28 U.S.C. § 1746.

3

1985)).  In other words, Defendants must have taken an action "in order to deceive [Plaintiff] into thinking the applicable statute of limitations longer than it [was]," or, in other words, taken "improper steps to delay the filing of the suit beyond the statutory deadline." *Id.*  The fact that Defendants put incorrect (or imprecise) dates on routine paperwork is not evidence of the type of "deliberate strategy on the part of the defendant[s]" to deceive Plaintiff with regard to the date the relevant incident occurred that is required for equitable estoppel.  *See Monroe v. Columbia Coll. Chicago,* 855 F. App'x 284, 291 (7th Cir. 2021).  That is an additional reason why summary judgment on behalf of Defendants was appropriate.

For the reasons set forth above, Plaintiff's Motion to Amend or Alter Judgment, [Dkt. 75], is **DENIED**.

SO ORDERED.

Dated:  5 JUN 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.